UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NESTOR LUIS ROJAS BLANCO,

Petitioner,

Case No. 2:26-cv-1942-KCD-NPM

v.

WARDEN, FLORIDA SOFT SIDE SOUTH DETENTION CENTER, US ATTORNEY GENERAL,

Respondents.

______________________________/

**ORDER**

Petitioner Nestor Luis Rojas Blanco filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He also sought an injunction ordering his immediate release from ICE custody. (*Id.* at 8.) Since filing the petition, Blanco has accepted an order of voluntary departure and waived appeal. (Doc. 16.) That leaves his case moot. *See, e.g.*, *Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt.*, No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025).

To be sure, there are exceptions to the mootness doctrine. A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release. But Blanco's habeas petition challenged only his detention, not the validity of his removal order or

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

anything else. Blanco has not shown (or even argued) any continuing injury from his prior detention that this Court can now remedy. *Id.* ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001). This applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. *Id.* That is not the case here. To find otherwise, the Court would have to assume that Blanco will return to the United States and again be detained. That is simply too remote a possibility to sustain federal jurisdiction. *See, e.g.*, *Mehmood v. United States Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020), *Kerbay v. Sessions*, No. 17-21055-CIV, 2017 WL 11697007, at *1 (S.D. Fla. May 2, 2017).

For the reasons above, Blanco's habeas petition (Doc. 1) is **DENIED as moot**. Should Blanco's voluntary departure fall through, he can refile his habeas petition. The Clerk of Court is **DIRECTED** to terminate all deadlines, deny any pending motions as moot, and close the case.

**ORDERED** in Fort Myers, Florida on August 6, 2026.

Kyle C. Dudek
United States District Judge